MARC A. PILOTIN
Regional Solicitor
KARLA MALAGON CASTILLO
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Room 720
Los Angeles, CA 90012-4701
Telephone: (213) 894-0255
Malagon.karla@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer,*
*United States Secretary of Labor*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>    Secretary of Labor,<br>    U.S. Department of Labor,<br><br>                          Plaintiff,<br><br>    v.<br><br><br>UNITED STATES POSTAL SERVICE,<br><br>                          Defendant. | Case No. 1:26-cv-362<br><br><br>**COMPLAINT** |

## INTRODUCTION

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, U.S. Department of Labor, brings this action for injunctive and other relief under Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, 29 U.S.C. §§ 651-78, seeking to enforce its provisions. As discussed below, Defendant United States Postal Service violated the Act by firing a Rural Carrier Associate for reporting a workplace injury. This conduct is consistent with USPS's nationwide pattern of unlawfully retaliating against probationary employees for reporting workplace injuries, which the Secretary seeks to end.

## JURISDICTION

1.     Jurisdiction over this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2). This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

## VENUE

2.     Venue is proper in the District of Oregon because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3.     Plaintiff Lori Chavez-DeRemer, Secretary of Labor, U.S. Department of Labor ("Secretary"), brings this action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, 29 U.S.C. §§ 651-78 ("the Act").

4.     Defendant United States Postal Service ("USPS") sorts and delivers mail out of facilities located in Medford, Oregon and Ashland, Oregon, which are both within the jurisdiction of this Court. Defendant USPS is now, and was at all relevant times, a person and employer as defined in 29 U.S.C. § 652(4)-(6).

## FACTS REGARDING AGGRIEVED EMPLOYEES

5.      On or about February 2, 2023, USPS hired Deseray Brown.  Brown began reporting to the Medford Office in Oregon on or around February 2, 2023.  Brown also worked with the Ashland Office in Oregon.  At all relevant times, Brown was an employee of USPS as defined in 29 U.S.C. §§ 652(5)-(6).

6.      Because she was a new employee, Brown was hired subject to a 90-calendar day probationary period.

7.      In violation of its policy, USPS provided no written evaluation on a PS Form 1750 (or PS Form 1750-R) of Brown from the period she was hired to the date she was injured.

8.      On May 4, 2023, Brown sustained an injury to her right shoulder when she picked up over 40 boxes during her regular pick-up route as a carrier for USPS.

9.      Brown notified one of her supervisors about her injury on the same day around 5:17 p.m.

10.     Brown continued her employment as usual until May 9, when she contacted one of her supervisors to let them know that she thought she had a pinched nerve from the injury she sustained on May 4.  Her supervisor did not respond.

11.     Brown visited Southern Oregon Orthopedics' walk-in clinic on May 11.  She obtained a doctor's note not to lift anything heavy until an MRI was performed.  When she provided one of her supervisors with an update of her restrictions via text, that supervisor did not reply.

12.     Between May 11 and July 31, 2023, Brown advised USPS of her medical restrictions given her injury. On May 12, USPS instructed her that, given her restrictions, she could not return to work.  Through the date she was terminated, USPS did not offer her any modified work accounting for her restrictions.

13.     On or around May 15, Brown started her application for workers' compensation, but her supervisors were not helpful with her claim, indicating animus.

14.     On July 21, Brown's workers' compensation claim was approved.

15.     On August 1, Brown's supervisor issued her a termination letter dated July 29. The termination letter listed the reasons for termination as: failure to meet the minimal performance requirements, failure to adhere to the rules, regulations, and procedures of the USPS, and failure to follow instructions. USPS claims that it terminated Brown because she had not demonstrated she could perform satisfactorily during her probationary period, even though it provided no written evaluations of her during that period.

## USPS'S HISTORY OF VIOLATING § 11(C) OF THE ACT

16.     Section 11(c) of the Act provides:

> No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter [that is, Chapter 15 of Title 29, United States Code, 29 U.S.C. §§ 651-78].

29 U.S.C. § 660(c)(1). Employees have the right to, among other things, report work-related injuries and to apply for workers' compensation for those injuries.

17.     USPS has a widespread pattern of terminating probationary employees who report injuries in violation of § 11(c) of the Act.  Other civil actions involving this pattern include:

    a.     *Chavez-DeRemer v. United States Postal Serv.*, No. 2:25-cv-00057-RLP (E.D. Wash.), filed on February 18, 2025 and currently pending.

    b.     *Su v. United States Postal Serv.*, No. 3:22-CV-01176 (W.D. Wash.); *Su v. United States Postal Serv.*, No. 3:22-CV-06002 (W.D. Wash.); *Su v. United States Postal*

*Serv.*, No. 3:23-CV-05007 (W.D. Wash.), all of which involved OSHA's "findings that the USPS violated the Act when it terminated the complainant probationary employees . . . because they reported a work-related injury" and resulted in a permanent injunction against the USPS for 59 facilities in western Washington requiring USPS to "evaluat[e] probationary employees based on their medical restrictions, provid[e] feedback and their performance evaluations as required in its PS Form 1750, and/or extend their probationary periods as warranted";

c.      *Su v. United States Postal Serv.*, No. 3:21-cv-01454, 733 F. Supp. 3d 983, 2024 WL 2106217 (D. Or. 2024), in which the District of Oregon held following a bench trial that the USPS retaliated against a probationary employee in violation of Section 11(c)(1) of the Act;

d.      *Su v. United States Postal Serv.*, No. 3:22-CV-05180, 2023 WL 3172867, at *5, *clarified*, 2023 WL 5206369 (W.D. Wash. Aug. 14, 2023), where the Western District of Washington granted partial summary judgment to the then-Acting Secretary and issued a permanent injunction against USPS's facilities in Tacoma, Washington restraining USPS from violating Section 11(c) of the Act. Among other things, the Order required USPS to "[g]ive probationary employees who report work-related injuries equal opportunity to pass probation; this includes but is not limited to evaluating them based on their medical restrictions, providing feedback and their performance evaluations, and/or extending their probationary periods as warranted";

e.      *Walsh v. USPS*, No. 2:20-cv-00138, Dkt. No. 128 (W.D. Pa October 28, 2022), where, after USPS lost its motion for summary judgment, the Court entered a consent judgment wherein USPS stipulated to violating Section 11(c) of the Act when it

terminated a probationary employee for reporting an injury;

   f.  as well as other pending and resolved cases.

18. USPS has failed to change its policies and practices to prevent further violations of Section 11(c) of the Act. Unless restrained by an injunction of this Court, USPS will continue to violate Section 11(c) of the Act through unlawfully retaliating against probationary employees who report injuries.

## CLAIM FOR RELIEF
## VIOLATIONS OF SECTION 11(c) OF THE
## OCCUPATIONAL SAFETY AND HEALTH ACT

19. By the acts described above, and by each of said acts, Defendant discharged Brown because she exercised rights under or related to the Act (i.e., reporting a workplace injury and making a claim for workers' compensation), and thereby Defendant engaged in, and is engaging in, conduct in violation of Section 11(c)(1) of the Act.  29 U.S.C. § 660(c)(1).

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary of Labor prays for a Judgment against Defendant as follows:

20. For an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1); and

21. For all appropriate relief, including:

   a.  Payment to Brown for lost wages and benefits, compensatory damages including emotional distress damages, and all other appropriate relief, plus pre- and post-judgment interest accruing thereon; and

   b.  For an Order directing Defendant to expunge any adverse references from Brown's personnel records; and

c.      For an Order directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act; and

d.      For an Order requiring posting in a prominent place at Defendant USPS's facilities for 90 (ninety) days a Notice stating Defendant will not in any manner discriminate against employees because of engagement, whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

e.      For an Order granting such other and further relief as may be necessary and appropriate in this action, including costs and attorneys' fees.

Dated: February 24, 2026

Respectfully submitted,

JONATHAN BERRY
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

_/s/ Karla Malagon Castillo_
KARLA MALAGON CASTILLO
Trial Attorney

_Attorneys for Plaintiff Lori Chavez-DeRemer,
United States Secretary of Labor_